UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**MARIO VAZQUEZ**, individually,

      **Plaintiff,**

v.

**MARIO'S FAMILY RESTAURANT INC d/b/a MARIO'S FAMILY RESTAURANT**, a Florida for profit business entity, and **M.F. PROPERTY INVESTMENTS, L.L.C.**, a Florida for profit business entity,

      **Defendants.**

_____

Case No.

### COMPLAINT FOR VIOLATIONS OF ADA SEEKING DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff, MARIO VAZQUEZ, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable statutes, rules, governing legal authorities, and advisory opinions files the instant Complaint against Defendants M.F. PROPERTY INVESTMENTS, L.L.C., and MARIO'S FAMILY RESTAURANT INC d/b/a MARIO'S FAMILY RESTAURANT for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the Florida Accessibility Code.

**I.**  **General Allegations Establishing Jurisdiction**

1. Plaintiff MARIO VAZQUEZ is an individual with a disability as defined by the ADA.

2. Plaintiff MARIO VAZQUEZ is seeking injunctive relief pursuant to the Americans with Disabilities Act (hereinafter "ADA") and the Florida Accessibility Code (hereinafter "FAC"), which entitle Plaintiff to all attorneys' fees, litigation expenses and costs incurred in pursuing an action to enforce and obtain compliance with provisions of the ADA in accordance with 28 U.S.C. § 12181 *et seq.*

3. Notice prior to initiating suit is **not** mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendants as their violations have been ongoing.

4. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

5. The property at issue is located in Miami Dade County, Florida at 1090 Homestead Boulevard, Homestead (hereinafter "Property"). Defendant M.F. PROPERTY INVESTMENTS, L.L.C. is one of the the documented owners of the Property.

6. The Property is being operated as a food service establishment – a "place of public accommodation (*see* 28 CFR 36.201(a))" – by Defendant MARIO'S FAMILY RESTAURANT INC d/b/a MARIO'S FAMILY RESTAURANT (hereinafter "MARIO'S FAMILY RESTAURANT"), who is a tenant on Defendant M.F. PROPERTY INVESTMENTS, L.L.C.'s Property.

7. Venue properly lies in the Southern District of Florida as it is the federal judicial district where the property is located and on which the violative establishment is conducting business.

**II.   Plaintiff VAZQUEZ**

8. Plaintiff is a sixty-five year old Cuban American who has been confined to a wheelchair since 2008.

9. Following his open-heart surgery Plaintiff had been placed on dialysis after his kidneys failed, and he now receives dialysis three times a week.

10. He is married with six (6) children all of whom reside in Miami-Dade County, Florida. He and his wife also reside in South Dade.

11. Plaintiff travels frequently around Miami-Dade County spending time with family and socializing with friends.

12. Plaintiff VAZQUEZ is not employed although he does receive disability payments.

13. When Plaintiff VAZQUEZ was visiting MARIO'S FAMILY RESTAURANT, she encountered architectural barriers at the Property precluding her from reasonably accessing the goods and services provided to non-disabled individuals. These barriers to access at the Property have deterred Plaintiff from availing herself of, and are denying her the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at MARIO'S FAMILY RESTAURANT equal to those afforded to other individuals.

**III.     ADA Prohibits Barriers Impeding Access By Disabled Individuals**

14. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

15. The FAC, the ADA and the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards") dictate that property owners as well as operators of "commercial establishments" are jointly responsible complying with these federal Accessibility Standards.

16. Defendants have and are continuing to violate the Accessibility Standards – discriminating against Plaintiff and other similarly situated disabled individuals – by failing to provide accessible facilities since January 26, 1992 (or, alternatively, January 26, 2993).

17. As a result of Defendants ongoing non-compliance, Plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public. Consequently, Plaintiff is effectively deterred and discouraged from further travel due to these ADA problems.

### IV. MARIO'S FAMILY RESTAURANT

18. The present violations at Defendants' facility threaten Plaintiff's safety as they create hazards impeding access.

19. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation.

20. A preliminary inspection of MARIO'S FAMILY RESTAURANT reveals the following exterior and interior barriers to access by Plaintiff as an individual who is confined to a wheelchair:

    a) inaccessible entrance as existing ramp slope is noncompliant with regulations;

    b) second existing ramp is blocked by parking stone precluding access to patio area;

    c) inaccessible path of travel to entrance due to uneven ground surface on oath of travel;

    d) inaccessible dining tables as required minimum toe and knee clearance not provided at dining tables;

    e) percentage of existing dining tables required to be accessible not provided;

    f) inaccessible bar;

g) non-compliant height of cash register island/take out counter exceeds maximum height allowance;

h) required minimum toe and knee clearance not provided at register island/takeout counter

i) portion of register island/takeout counter required to be accessible not provided;

j) required minimum clear width not provided at restroom door opening;

k) required minimum maneuvering clearance not provided in restroom door vestibule;

l) required minimum clear width not provided in restroom vestibule;

m) required minimum clear width not provided at restroom vestibule door opening;

n) inaccessible path of travel from restroom door to fixtures;

o) required minimum turning space not provided in restroom;

p) inaccessible lavatory as required minimum knee and toe clearance not provided at lavatory;

q) non-compliant height of urinals exceed maximum height allowance;

r) inaccessible water closet stall as required minimum clear width not provided at stall door;

s) lack of insulation on restroom lavatory pipes;

t) required minimum maneuvering clearance allowing a forward approach not provided at water closet;

u) required minimum clear floor space not provided at water closet;

v) required grab bars not provided at side and rear walls of water closet;

w) at least one accessible restroom not provided as required;

x) failure to maintain accessible features and failing to adhere to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities.

21. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA and FAC.

22. Plaintiff plans on returning to MARIO'S FAMILY RESTAURANT to avail herself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

23. As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

**COUNT I: DECLARATORY JUDGMENT**

24. When Plaintiff VAZQUEZ visited MARIO'S FAMILY RESTAURANT she could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 20.

25. The Accessibility Standards, in particular Title III of the ADA, require all places of public accommodation to provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

26. Defendants denied Plaintiff reasonable access to the good and/or services being offered on their premises in violation of Title III of the ADA thus causing Plaintiff to retain the undersigned law firm to enforce her rights.

27. As a result of Defendants continuously violating of Title III of the ADA Plaintiff VAZQUEZ has and is suffering actual harm in the form of personal injury, humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

28. A declaration that Defendant(s) were in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendants(s) compliance with the law.

29. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**WHEREFORE**, Plaintiff respectfully requests an order declaring Defendants (A) in violation of Title III of the ADA, 42 USC § 12181 *et seq.* at the time of Plaintiff's visit*;* and ((B) as a result of architectural barriers Defendants have effectively denied Plaintiff, as an individual with a disability, reasonable access to the goods and/or services offered on the Property thereby discriminating against Plaintiff.

## COUNT II: INJUNCTIVE RELIEF AGAINST MARIO'S FAMILY RESTAURANT

30. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 23 above as if set forth specifically herein.

31. MARIO'S FAMILY RESTAURANT is being operated as a place of public accommodation in violation of ADA and FAC.

32. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment as a result of the ADA violations set forth herein in paragraph 20 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

33. Defendant continues to discriminate against Plaintiff and those similarly situated by operating MARIO'S FAMILY RESTAURANT and yet failing to make reasonable modifications in policies, practices and/or procedures to comply with the Accessibility Standards.

34. Modifications in Defendant MARIO'S FAMILY RESTAURANT's practices, policies and procedures are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities.

35. Said modification are also necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

36. Plaintiff is suffering true and actual harm by Defendant MARIO'S FAMILY RESTAURANT operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and

equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

37. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

38. Plaintiff is without any adequate remedy and law.

39. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

40. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

   a. Injunctive relief against Defendant;
   b. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;
   c. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT III: INJUNCTIVE RELIEF AGAINST M.F. PROPERTY INVESTMENTS, L.L.C.

41. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 23 above as if set forth specifically herein.

42. Defendant M.F. PROPERTY INVESTMENTS, L.L.C. is the documented owner of the Property on which Defendant MARIO'S FAMILY RESTAURANT is operating a place of public accommodation violating the Accessibility Standards by permitting discriminatory treatment of persons confined to wheelchairs.

43. Individuals confined to wheelchairs, including Plaintiff VAZQUEZ have been denied access to and the benefits of services, programs and activities at the Defendant's Property as a result of the ADA violations set forth herein in paragraph 20. *See* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

44. Defendant is continuing to discriminate against Plaintiff by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

45. The structural impediments set forth in paragraph 18 must be remedied to eliminate the architectural barriers set forth herein, which remedies are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

46. Permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

47. Plaintiff has and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

48. Plaintiff is without any adequate remedy and law.

49. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

50. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

   d. Injunctive relief against Defendant;

   e. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

Respectfully submitted on July 13, 2018.

> **By: /s/ Tara Demetriades**
> Tara Demetriades, Esq.
> Florida Bar No. 179973
> **ADA Accessibility Associates**
> 19390 Collins Avenue, Ste. 1604
> Sunny Isles Beach, Florida 33160
> E: TDemetriades@AOL.com
> T: 516.595.5009